**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JAMES SHRUM and** | ) | |
| **JOSH MALCOLM,** | ) | |
| | ) | **No. 3:11-cv-00938** |
| **Plaintiffs,** | ) | **Judge Trauger** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ADRIEL RIKER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# O R D E R

The Plaintiffs, both inmates in the Sumner County Jail in Gallatin, Tennessee, bring this action under 42 U.S.C. § 1983 concerning the conditions of their confinement. (Docket No. 1). The plaintiffs have not paid the three-hundred fifty dollar ($350.00) civil filing fee.

Plaintiff Shrum has submitted an application to proceed *in forma pauperis.* (Docket No. 2). However, plaintiff Malcolm has not submitted the three-hundred fifty dollar ($350.00) civil filing fee or an application to proceed *in forma pauperis.* Even though Messrs. Shrum and Malcolm wish to bring this lawsuit as co-plaintiffs, each must submit a separate application to proceed *in forma pauperis* for the court's consideration, should both plaintiffs wish to proceed as paupers.

Because there are two plaintiffs in this matter, each plaintiff is proportionately liable for any fees or costs. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999)*; In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). Thus, each plaintiff is liable for half or one-hundred seventy-five dollars ($175.00) of the filing fee. Any subsequent dismissal of a plaintiff's case, even if voluntarily, does not negate that plaintiff's responsibility to pay his portion of the filing fee. *Fox v. Koskinen,* No. 2:09-cv-160, 2009 WL 2507405, at *1 (W.D. Mich. Aug. 24, 2009)(citing *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other*

*grounds by Jones v. Bock*, 549 U.S. 199 (2007)).

The Clerk is **DIRECTED** to send plaintiff Malcolm a blank application to proceed *in forma pauperis* and a copy of Administrative Order No. 93. Plaintiff Malcolm, in turn, is directed to do one of the following within thirty (30) days of the date that he receives this order: (1) either pay his portion of the filing fee; or (2) complete the application to proceed *in forma pauperis* provided in accordance with Administrative Order No. 93, and return the properly completed application to the district court with a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the date of the entry of this order, as required under 28 U.S.C. § 1915(a)(2).

Plaintiff Malcolm is forewarned that if he does not comply with this order within the 30-day time frame specified, the court is required under the law to presume that he is not a pauper, assess his portion of the filing fee against him anyway, and dismiss his action for want of prosecution. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If plaintiff Malcolm's case is dismissed under these circumstances, it will not be reinstated to the court's active docket despite subsequent payment of the filing fee, or correction of any documentary deficiency. *Id.*

As to both plaintiffs, an extension of time to comply with this order may be requested from this court if a motion for an extension of time is filed within thirty (30) days of the date of entry of this order. *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superseded on other grounds by* Rule 24, Fed. R. App. P.

It is so **ORDERED.**

_____
Aleta A. Trauger
United States District Judge