UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES SHRUM and JOSH MALCOLM, Plaintiffs | ) | |
| v. | ) | NO. 3:11-0938<br>Judge Trauger/Brown<br>**Jury Demand** |
| ADRIEL RIKER and SONYA TROUTT, Defendants | ) | |

**TO: THE HONORABLE ALETA A. TRAUGER**

**REPORT AND RECOMMENDATION**

The Defendants in this case have filed a motion for summary judgment as to all claims of the Plaintiff Josh Malcolm (Docket Entry 53). For the reasons stated below, the Magistrate Judge recommends that this motion be GRANTED and that the complaint insofar as it relates to Josh Malcolm be DISMISSED without prejudice. The claims by James Shrum will remain.

**BACKGROUND**

The amended complaint (Docket Entry 34) is the operative document in this case. In his complaint the Plaintiff alleged violations of 42 U.S.C. § 1983, because of the excessive use of force violated the Plaintiff's due process, and because undue administrative segregation constituted violations of the Eighth and Fourteenth Amendment of the Constitution. The Plaintiff also allege the torts of assault and battery and negligence when he was placed in confinement and then denied access to a writeup. He also allege that he was denied the right to defend himself verbally,

which he claims constitutes a violation of the First Amendment free expression clause.

The Plaintiff alleges that on June 26, 2011, while his pad was on a water restriction he asked to speak to the Sargent on duty and was told that Sargent Riker was not willing to speak to him. He alleges that a couple of hours later, when Sargent Riker did come by, he became involved in a verbal conflict with Sargent Riker. He alleges that Sargent Riker directed him to back himself to the pie flap of the door and be cuffed, and when he asked where they were being taken and why, Sargent Riker opened the pie flap and using a case of Freeze sprayed both Plaintiffs three times. The Plaintiff states that he did not break any rules or regulations and that there was no justification for being sprayed with Freeze.

Plaintiff Malcolm alleges that he asked for medical treatment and his request was denied. He states that he was placed in a restraint chair and a fan was blowing on him to allow the chemical freeze to dry on him. Plaintiff Malcolm alleges that his lungs were burning and it was hard to breathe. Despite this he was denied medical treatment and left in physical pain. He further alleges that after an hour in the restraint chair he requested the use of the bathroom and was denied this use. Because of this he urinated on himself twice over the next several hours. He states that this caused additional physical pain and that he was forced to sit in his bodily fluids for several hours. He further alleges

that the officers made fun of him because of this. Both Plaintiffs were taken to segregation on orders of the Defendant Troutt.

The Plaintiff alleges that he was placed in segregation without receiving a writeup of why he was placed in segregation and that he never received a disciplinary hearing about the matter. The Plaintiff alleges that he had exhausted his administrative remedies with respect to all claims and all Defendants.

The Defendants filed an answer to this complaint (Docket Entry 52). In their answer, while admitting the Court has jurisdiction, they denied the Plaintiff had stated a valid cause of action for any of their claims. Affirmative Defense 2 alleges that the Plaintiff had failed to exhaust his administrative remedies and that his complaint should be dismissed. Contemporaneous with the answer the Defendants filed a motion for summary judgment (Docket Entry 43) supported by a memorandum of law and a statement of uncontested facts (Docket Entries 54 and 55).

Attached to Defendants' motion is the affidavit of Sonya Troutt.[1] In her affidavit Ms. Troutt states that she was the jail administrator during the time of Plaintiff Malcolm's incarceration at the Sumner County Jail. She states that she has both personal and firsthand knowledge of the contents of the affidavit, as well as the grievance procedure at the Sumner County Jail. She states that during the time the Plaintiff was incarcerated at Sumner

[1]Affidavits should be filed as a separate exhibit.

County from December 10, 2004 through August 23, 2011, the jail had a grievance policy, which was in a handbook given to every inmate, including the Plaintiff. She states that the Plaintiff never sent a grievance regarding the allegations filed in his complaint, specifically no grievance alleging excessive use of force by Sargent Riker, being refused medical care, or being placed in segregation, and alleged violations of his rights. She states that the Plaintiff is fully familiar with the grievance kiosk machine, as he filed 61 grievances while incarcerated in the Sumner County Jail.

As Exhibit 2 to the motion the Defendants have attached the Plaintiff's jail grievances and medical file–some 114 pages of documents. The Defendants also filed the Defendants' concise statement of undisputed facts (Docket Entry 55). The Plaintiff has made no response to this statement and, accordingly, the Magistrate Judge will consider the statement as admitted for the purpose of this Report and Recommendation.

In particular, Statement 4 shows that while incarcerated in Sumner County Jail, Plaintiff filed 61 grievances; Statement 5, that Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit; Statement 6, that Plaintiff knew how to file a grievance.

This case is under a scheduling order (Docket Entry 43). It specifically warns the Plaintiff at page 4 that dispositive

motions must be responded to within 30 days, absent an extension by the Court, and that failure to respond to the motion and statement of facts may result in the Court taking the facts alleged in the matter as true and granting the relief requested. The Plaintiff was also advised that he may not just rely on the complaint. The Plaintiff must show that there is a material dispute of fact with citation to the record, affidavits or other matter of evidence.

Despite this warning the Plaintiff, as of the date of this Report and Recommendation, has failed to respond in any way to the motion for summary judgment and, accordingly, the motion is unopposed.

## LEGAL DISCUSSION

Although the motion is unopposed the Magistrate Judge must nevertheless review the record to insure that the Defendants have shown that they are entitled to relief requested.

The Magistrate Judge has applied the well-known summary judgment standard as set out in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) and will not repeat it here. The Prison Litigation Reform Act 1995 (PLRA) is clear that an inmate must exhaust all of his administrative remedies prior to bringing a federal lawsuit. 42 U.S.C. 1997(e)(a). The Defendants cite the case of *Sullivan v. Hart*, 2006 U.S. LEXIS 51120 *6-7 (E.D. Tenn. July 25, 2006) as requiring that prisoners show they had exhausted their administrative remedies by attaching a copy to their

complaint. This case and other similar cases were overruled by the Supreme Court decision in *Jones v. Bock*, 549 U.S. 199 (2007), where the Court overruled a number of Sixth Circuit requirements in this area. They specifically rejected the Sixth Circuit procedure that a prisoner/plaintiff must attach copies of the grievance form to his complaint and specifically plead exhaustion. *Jones* at 215-16.

The Court specifically held at Page 212 that failure to exhaust administrative remedies is an affirmative defense and under Rule 8 of the Federal Rules of Civil Procedure need not be established by a Plaintiff in the original complaint.[2]

That having been said, the Defendants in this case have clearly raised the lack of exhausting administrative remedies as an affirmative defense. They have supported that contention by the affidavit of the jail administration, and have placed it in a statement of facts to which the Plaintiff has not responded. The Magistrate Judge thus believes that, in fact, the Defendants have established that the Plaintiff has failed to exhaust his administrative remedies in this litigation. Dismissal is therefore appropriate. *See Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011).

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that all of Plaintiff Malcolm's claims in this matter be

[2]The Magistrate Judge would suggest that counsel for the Defendants read the *Jones v. Bock* case and amend their future motions accordingly.

DISMISSED without prejudice for failure to exhaust administrative remedies.[3]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 9th day of May, 2012.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

[3]The Magistrate Judge would note that even though the recommendation is for dismissal without prejudice, as a practical matter whether it is with or without prejudice is of no practical import since the time period within which a grievance could be filed expired long ago. Nevertheless the disposition should be correctly stated. *Local Union 369 v. ADT,* 393 F. App'x 290, 294-295 (6th Cir. 2010).