```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION
```

JAMES SHRUM,                    )
                                )
        Plaintiff               )
                                )
v.                              )    No. 3:11-0938
                                )    Judge Trauger/Brown
ADRIEL RIKER and SONYA TROUTT,  )    **Jury Demand**
                                )
        Defendants              )

**TO:    THE HONORABLE ALETA A. TRAUGER**

## REPORT AND RECOMMENDATION

A final pretrial conference was set in this case for December 17, 2012, at 11:00 a.m. At the appointed hour attorneys for the Defendants appeared. However, Mr. Shrum did not appear.

For the reasons stated below the Magistrate Judge recommends that this case be **DISMISSED** with prejudice for the failure of the Plaintiff to prosecute and to obey Court orders.

## BACKGROUND

The Plaintiff Shrum, along with another Plaintiff Malcolm, filed this case on October 3, 2011 (Docket Entry 1). the Plaintiffs alleged that they were sprayed with a chemical agent freeze without provocation on September 26, 2011. They alleged that this incident began because of a stopped up toilet, which the guards blamed them for. They alleged that the argument escalated until the guards sprayed them with freeze while they were locked down in their cell behind a steel door where they could in no way inflict harm to any inmate or guard.

The case was given an initial review under 28 U.S.C. § 1915(a) and 28 U.S.C. § 1915(A)(b). As a result of this initial review the case was allowed to proceed in *forma pauperis* (Docket Entry 11).

The Magistrate Judge scheduled a case management conference in the matter for March 12, 2012 (Docket Entry 27). Mail sent to Plaintiff Shrum was initially returned as not deliverable, unable to forward (Docket Entry 31 and 32). The Defendants notified the Court that they believed Plaintiff Shrum was no longer housed at the Sumner County jail and that he had been transferred to the Jackson County jail (Docket Entry 33). Based on this information from the Defendants, a case management conference was held on March 12, 2012 (Docket Entry 43). The Plaintiffs were allowed to file an amended complaint, which went into more detail about their allegations.

The Magistrate Judge expressed some concern that their signatures appeared to change from document to document, although both Plaintiffs stated that they in fact signed their names where indicated, and the difference in appearance was simply because of the pen they were using or the amount of time within which they had to sign. It was noted that the Plaintiffs were now in different jails and there would be some delay in filing their pleadings because of the necessity for both Plaintiffs to sign.

The Plaintiffs were specifically told that they were required to keep both the Court and opposing parties informed of their current addresses, and that their failure to keep the Court informed of their current addresses could result in a recommendation that the action be dismissed for failure to prosecute and from failure to comply with the Court's orders.

Following this case management hearing and scheduling order this matter was set for a jury trial for March 5, 2013, and the undersigned was directed to conduct the final pretrial conference and enter a pretrial order (Docket Entry 46).

Subsequently, there was a motion to dismiss Plaintiff Joseph Malcolm's case because of failure to exhaust his administrative remedies (Docket Entry 53). The Magistrate Judge recommended that this motion be granted (Docket Entry 56), and Plaintiff Malcolm's claims were dismissed without prejudice for failure to exhaust administrative remedies (Docket Entry 60).

The Magistrate Judge next set a telephone conference for June 21, 2012 (Docket Entry 64). As a result of this telephone conference with the Defendants' counsel and Plaintiff Shrum, discovery and dispositive motion deadlines were extended (Docket Entry 66).

The parties apparently undertook discovery (Docket Entry 71). The Magistrate Judge set the final pretrial conference for 11:00 a.m. on December 17, 2012 (Docket Entry 74). The Magistrate

3

Judge also ordered the Plaintiff Shrum produced for the hearing (Docket Entry 76). Unfortunately, mail sent to Plaintiff Shrum at the jail in Jackson County in November was returned as undeliverable (Docket Entries 77, 79, 81, 82).

As a result of the order to produce, Captain Gillihan, the Jackson County Jail Administrator, advised the Court that Plaintiff Shrum was released to the streets on October 29, 2012, upon the expiration of his sentence (Docket Entry 83). Plaintiff Shrum did not appear for the final pretrial conference and the Court has had no contact with him concerning a change of address. The counsel for the Defendants at the hearing on December 17, 2012, advised that they had no information about Plaintiff Shrum's whereabouts and had not had any contact with him since his release.

## LEGAL DISCUSSION

A court must be able to control its docket and its orders must be obeyed. A dismissal with or without prejudice is a drastic remedy, and before the Court contemplates dismissing an action under Rule 41(b), the Court must specifically consider:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) where the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

4

In this case the Plaintiff was warned that failure to keep a current address could lead to dismissal of his case (Docket Entry 43).

The Defendants in this matter are prejudiced because, although they appeared at the final pretrial conference, the Plaintiff did not and thus a final pretrial order cannot be entered and the Defendants have no way to know whether they should continue to expend money in preparation for the upcoming trial.

Given the fact that the Defendant was released at the end of October, and now some six weeks later he has failed to have any contact with the Court, the Magistrate Judge can only conclude that his failure to cooperate is due to willfulness, bad faith, or fault.

The Magistrate Judge has considered less drastic sanctions. However, given an upcoming trial date and the total failure of the Plaintiff to contact the Court in any fashion, essentially precludes the Magistrate and District Judges from taking any action other than indefinitely continuing the trial until the Plaintiff is heard from again. The Magistrate Judge does not believe that this is a realistic alternative. The Court must be able to control its docket and move its cases forward. The Defendants should not be put in the position of having to prepare for a trial where the Plaintiff has given no indication that he will appear.

Accordingly, the Magistrate Judge recommends that the present trial date of February 5, 2013, be canceled and this case be **DISMISSED** with prejudice.

**RECOMMENDATION**

As stated above, the Magistrate Judge recommends that this case be dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 18th day of December, 2012.

/s/ Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge